IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PRIVATETAG INNOVATIONS LLC,

        Plaintiff,

   v.

SAMSUNG ELECTRONICS CO., LTD &
SAMSUNG ELECTRONICS AMERICA, INC.

        Defendant.

CIVIL ACTION

NO. 2:25-cv-732

**Jury Trial Demanded**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PrivateTag Innovations LLC ("Plaintiff") files this Complaint for Patent

Infringement and states as follows:

## THE PARTIES

1.     Plaintiff is a limited liability company organized and existing under the laws of

the State of Texas and having a principal place of business at 3616 Far West Blvd., Ste. 117-248,

Austin, TX 78731.

2.     On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a

corporation organized and existing under the laws of the Republic of Korea, with its principal

place of business located at 129 Samseong-Ro, Youngtong-Gu, Suwon, Gyeonggi 16677,

Republic of Korea.

3.     On information and belief, Defendant Samsung Electronics America, Inc.

("SEA") is a corporation organized and existing under the laws of the State of New York and

having a regular and established place of business at 6625 Excellence Drive, Plano, Texas

75023. On information and belief, SEA is a wholly owned subsidiary of SEC and is responsible

for domestic sales and distribution of its electronics products, including the accused

instrumentalities in this case.

4.    On information and belief, SEC and SEA have acted in concert with respect to the

facts alleged herein such that any act of SEC is attributable to SEA and vice versa. SEC and SEA

are referred to herein collectively as "Defendant."

## JURISDICTION AND VENUE

5.    This Court has exclusive subject matter jurisdiction over this case pursuant to 28

U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the

United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284,

and 285.

6.    This Court has personal jurisdiction over each defendant because they each have

minimum contacts with the State of Texas, and have purposefully availed themselves of the

privileges of conducting business in the State of Texas. For example, on information and belief,

each defendant has, directly or through intermediaries, sold or offered to sell infringing products

in the State of Texas and this Judicial District, or has provided infringing products to

intermediaries for distribution throughout the country, including Texas and this judicial district,

with knowledge of this distribution. On information and belief, each defendant has derived

substantial revenues from infringing acts occurring within the State of Texas and within this

District. Moreover, on information and belief, each defendant has purposefully and voluntarily

placed its products into the stream of commerce with the expectation that they would be

purchased and used by customers located in this State. Plaintiff's cause of action arises directly

from the defendants' business contacts and other activities in the State of Texas and this District.

7.    Venue is proper in this Court with respect to SEC pursuant to 28 U.S.C. § 1391(c)

because it is a foreign corporation. Venue is proper in this Court with respect to SEA pursuant to

28 U.S.C. § 1400(b) because, on information and belief, it has committed acts of infringement and maintains a regular and established place of business in this Judicial District.

## FACTUAL BACKGROUND

**U.S. Patent No. 7,492,258**

8.      Plaintiff is the owner of record and assignee of United States Patent No. 7,492,258 ("the '258 patent") and has standing to sue and recover all past damages for infringement of the '258 patent.

9.      The '258 patent, entitled "Systems and Methods for RFID Security," was duly and legally issued on February 17, 2009, with a patent term adjustment of 358 days. The '258 patent issued from a U.S. patent application that was filed on March 21, 2006. A true and correct copy of the '258 patent is attached as Exhibit A and incorporated herein by reference.

**U.S. Patent No. 7,952,481**

10.      Plaintiff is the owner of record and assignee of United States Patent No. 7,952,481 ("the '481 patent") and has standing to sue and recover all past damages for infringement of the '481 patent.

11.      The '481 patent, entitled "Systems and Methods for RFID Security," was duly and legally issued on May 31, 2011, with a patent term adjustment of 9 days. The '481 patent claims priority to a U.S. patent application that was filed on March 21, 2006. A true and correct copy of the '481 patent is attached as Exhibit B and incorporated herein by reference.

**U.S. Patent No. 9,628,466**

12.      Plaintiff is the owner of record and assignee of United States Patent No. 9,628,466 ("the '466 patent") and has standing to sue and recover all past damages for infringement of the '466 patent.

13.    The '466 patent, entitled "Systems and Methods for Performing Secure Financial Transactions," was duly and legally issued on April 18, 2017. The '466 patent claims priority to a U.S. patent application that was filed on March 21, 2006. A true and correct copy of the '466 patent is attached as Exhibit C and incorporated herein by reference.

**U.S. Patent No. 10,164,959**

14.    Plaintiff is the owner of record and assignee of United States Patent No. 10,164,959 ("the '959 patent") and has standing to sue and recover all past damages for infringement of the '959 patent.

15.    The '959 patent, entitled "Systems and Methods for Performing Secure Financial Transactions," was duly and legally issued on December 25, 2018. The '959 patent claims priority to a U.S. patent application filed on March 21, 2006. A true and correct copy of the '959 patent is attached as Exhibit D and incorporated herein by reference.

**U.S. Patent No. 10,623,392**

16.    Plaintiff is the owner of record and assignee of United States 10,623,392 ("the '392 patent") and has standing to sue and recover all past damages for infringement of the '392 patent.

17.    The '392 patent, entitled "Systems and Methods for RFID Security," was duly and legally issued on April 14, 2020. The '392 patent claims priority to a U.S. patent application filed on March 21, 2006. A true and correct copy of the '392 patent is attached as Exhibit E and incorporated herein by reference.

## <u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,492,258</u>

18.    Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

19.     Defendant has directly infringed and continues to directly infringe at least claim 11 of the '258 patent, either literally or under the doctrine of equivalents, in connection with its Samsung Galaxy smartphones having the Samsung Pay application, as detailed in the preliminary claim chart attached hereto as Exhibit F and incorporated herein by reference.

20.     On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality involving the Samsung Pay application, the steps of the asserted claim must be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

21.     Defendant's infringing activities have been without authority or license under the '258 patent.

22.     Because the asserted claim of the '258 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

23.     Plaintiff has been damaged by Defendant's infringement of the '258 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,942,481

24.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

25.     Defendant has directly infringed and continues to directly infringe at least claim 1 of the '481 patent, either literally or under the doctrine of equivalents, in connection with its Samsung Galaxy smartphones having the Samsung Pay application, as detailed in the preliminary claim chart attached hereto as Exhibit G and incorporated herein by reference.

26.     On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality involving the Samsung Pay application, the steps of the asserted claim must be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

27.     Moreover, at least since receiving notice of its infringement by service of Plaintiff's complaint, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '481 patent, literally or by the doctrine of equivalents, by selling the accused instrumentalities to its customers in a manner that directly infringes during normal operation and/or distributing product literature or videos inducing end users and others to use the accused instrumentalities in a manner that infringes the asserted claim of the '481 patent.

28.    Defendant's infringing activities have been without authority or license under the '481 patent.

29.    Because the asserted claim of the '481 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

30.    Plaintiff has been damaged by Defendant's infringement of the '481 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,628,466

31.    Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

32.    Defendant has directly infringed and continues to directly infringe at least claim 15 of the '466 patent, either literally or under the doctrine of equivalents, in connection with its Samsung Galaxy smartphones having the Samsung Pay application, as detailed in the preliminary claim chart attached hereto as Exhibit H and incorporated herein by reference.

33.    On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality involving the Samsung Pay application, the steps of the asserted

claim must be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

34.    Defendant's infringing activities have been without authority or license under the '466 patent.

35.    Because the asserted claim of the '466 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

36.    Plaintiff has been damaged by Defendant's infringement of the '466 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 10,164,959

37.    Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

38.    Defendant has directly infringed and continues to directly infringe at least claim 10 of the '959 patent, either literally or under the doctrine of equivalents, in connection with its Samsung Galaxy smartphones having the Samsung Pay application, as detailed in the preliminary claim chart attached hereto as Exhibit I and incorporated herein by reference.

39.    Moreover, at least since receiving notice of its infringement by service of Plaintiff's complaint, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '959 patent, literally or by the doctrine of equivalents, by selling the accused instrumentalities to its customers in a manner that directly infringes during normal operation and/or distributing product literature or videos inducing end

users and others to use the accused instrumentalities in a manner that infringes the asserted claim of the '959 patent.

40.     Defendant's infringing activities have been without authority or license under the '959 patent.

41.     Plaintiff has been damaged by Defendant's infringement of the '959 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,623,392

42.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

43.     Defendant has directly infringed and continues to directly infringe at least claim 1 of the '392 patent, either literally or under the doctrine of equivalents, in connection with its Samsung Galaxy smartphones having the Samsung Pay application, as detailed in the preliminary claim chart attached hereto as Exhibit J and incorporated herein by reference.

44.     On information and belief, Defendant has performed all steps of the asserted claim or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality involving the Samsung Pay application, the steps of the asserted claim must be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

45.     Defendant's infringing activities have been without authority or license under the '392 patent.

46.     Because the asserted claim of the '392 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

47.     Plaintiff has been damaged by Defendant's infringement of the '392 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against SEC and SEA, and that the Court grant Plaintiff the following relief:

A.     Entry of judgment that SEC and SEA have infringed at least one claim of the '258 patent, the '481 patent, the '466 patent, the '959 patent, and the '392 patent.

B.     Damages in an amount to be determined at trial for SEC's and SEA's infringement, which amount cannot be less than a reasonable royalty, and an accounting of all infringing acts, including but not limited to those acts not presented at trial,

C.     An award of Plaintiff's reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285,

D.     Pre-judgment and post-judgment interest on the damages assessed, and

E.     Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 21st day of July, 2025.

/s/ *Cortney S. Alexander*
Cortney S. Alexander
  cortneyalexander@kentrisley.com
  Tel: (404) 855-3867
  Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff